UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXA HAMILTON,

    **Plaintiff,**

                                    **CASE NO.:**

**v.**

**WAXIN'S RESTAURANT - NAPLES, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ALEXA HAMILTON, by and through undersigned counsel, brings this action against Defendant, WAXIN'S RESTAURANT - NAPLES, LLC, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*., the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq*., the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq*., and the Pregnant Workers Fairness Act, as amended ("PWFA"), 42 U.S.C. § 2000gg *et seq*.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 2000gg *et seq*.

3.    Venue is proper in the Middle District of Florida, because all or a substantial part of the events giving rise to these claims occurred in Collier County, Florida.

## PARTIES

4.    Plaintiff is a resident of Lee County, Florida.

5.    Defendant operates a restaurant in Collier County, Florida.

## GENERAL ALLEGATIONS

6.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII, the ADA, the FCRA, and the PWFA.

7.    At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an employer within the meaning of Title VII, the ADA, the FCRA, and the PWFA.

8.    Plaintiff has satisfied all conditions precedent, or they have been waived.

9.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

### *Plaintiff is in a Protected Class Due to Her Sex (female) and Pregnancy, and Had, or Was Perceived as Having, a Handicap/Disability*

11.     Plaintiff is a member of a protected class based on her sex (female) and, on account of her protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

12.     During her employment with Defendant, Plaintiff was pregnant.

13.     Plaintiff is a member of a protected class based on her pregnancy and, on account of her protected status, Plaintiff benefits from the protections of the PWFA.

14.     Plaintiff informed Defendant of her pregnancy on or around January 18, 2025, shortly after she learned that she was pregnant.

15.     Plaintiff had a history of high-risk pregnancies and multiple miscarriages, and Plaintiff informed Defendant that this pregnancy might be high-risk and might even be an ectopic pregnancy.

16.     Plaintiff's pregnancy, pregnancy-related conditions, and eventual related need for time off to seek medical treatment were protected under the PWFA.

17.     In or around January 2025, Plaintiff suffered serious medical conditions, including a stroke to her heart and loss of oxygen to her heart, which required hospitalization.

3

18. Plaintiff's heart-related medical condition, pregnancy-related medical complications, and related symptoms substantially limited one or more major life activities.

19. Accordingly, Plaintiff had a handicap/disability and/or was perceived by Defendant as having a handicap/disability under the ADA and the FCRA.

### *Plaintiff was Qualified for Her Employment Position with Defendant*

20. Plaintiff began working for Defendant on or around October 1, 2024, as a Bar Manager.

21. Throughout her employment, Plaintiff performed her job duties in a satisfactory manner.

22. Indeed, even during the meeting in which Defendant terminated Plaintiff's employment, Defendant acknowledged that Plaintiff was good at her job.

23. At all times material hereto, Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

24. Thus, Plaintiff was a qualified employee within the meaning of Title VII, the ADA, the FCRA, and the PWFA.

### *Plaintiff Engaged in Protected Activity, and Was Terminated Because of Her Sex, Pregnancy, Disability, and Protected Activity*

25. On or around January 18, 2025, Plaintiff sought medical treatment in the hospital after suffering from a stroke to her heart and loss of oxygen to her heart.

4

26.     Plaintiff called Defendant and informed Defendant that she was in the hospital due to this serious medical condition.

27.     At the same time, Plaintiff informed Defendant that she had recently learned that she was pregnant.

28.     Plaintiff specifically informed Defendant that the pregnancy is likely high-risk and potentially an ectopic pregnancy, given her history of high-risk pregnancies and multiple miscarriages.

29.     Plaintiff requested the reasonable accommodation of a few days off of work to seek medical treatment, recover, and address these medical issues.

30.     Specifically, Plaintiff texted Defendant's Assistant General Manager, Sukh, to inform him of her disabilities and to request the reasonable accommodation of a brief medical leave of absence.

31.     Rather than simply allowing Plaintiff to take a brief medical leave of absence, Sukh attempted to have Plaintiff perform work from home while she was still in the hospital.

32.     Plaintiff explained the severity of her disabilities—the stroke and high-risk pregnancy—and that she was, in fact, still in the hospital.

33.     Plaintiff's request for a brief medical leave of absence was a request for a reasonable accommodation under the ADA and FCRA and a request for an accommodation under the PWFA.

34.     After approximately three days of medical leave, Plaintiff returned to work.

5

35. When Plaintiff returned to work, Defendant expressed concern regarding Plaintiff's ability to work.

36. Plaintiff informed Defendant that she was still tired and nauseous, but that she was able to return to work and had been cleared by her doctor.

37. On or around January 31, 2025, Plaintiff arrived to work early, but felt sick and remained in her car in Defendant's parking lot, vomiting.

38. Plaintiff then went into work, but Defendant sent Plaintiff home because Plaintiff had been vomiting that morning.

39. The next day, on or around February 1, 2025, Defendant called Plaintiff into work before her normal shift time for a meeting.

40. During this meeting, Defendant informed Plaintiff that it needed a "fully committed" Bar Manager and that, as of recent, Defendant felt Plaintiff was not fully committed to her job.

41. Plaintiff objected to this accusation and asked why Defendant believed she was not committed to her job.

42. In response, Defendant specifically referenced Plaintiff's disabilities.

43. Plaintiff objected again and reminded Defendant that she had recently been in the hospital due to her disabilities.

44. Defendant stated that Plaintiff had two days off per week and that those two days should be enough, thereby suggesting that Plaintiff should not have needed a brief medical leave of absence for her disabilities.

6

45. Defendant's General Manager, Andrea, then told Plaintiff, "you have three kids and are pregnant," suggesting that Plaintiff should focus on her family and pregnancy instead of her job.

46. Defendant's Assistant General Manager, Sukh, further stated, "unfortunately, when you are bringing life into the world, you have to make sacrifices."

47. During this same conversation, Defendant emphasized that Plaintiff was good at her job, but continued to suggest that Plaintiff should focus on her family and pregnancy rather than continuing to work for Defendant.

48. Plaintiff objected to Defendant's discriminatory remarks, told Defendant that she was committed to her job, and asked to continue working.

49. Plaintiff even offered to continue working until Defendant could find another Bar Manager, but Defendant refused.

50. Defendant (Andrea) also stated that Plaintiff would eventually be "waddling around the bar."

51. Defendant further claimed that, as a Bar Manager, Plaintiff needed to be able to drink alcohol and that Plaintiff could not do so while pregnant.

52. However, Plaintiff's job did not require her to drink alcohol, and Plaintiff had not been required to drink alcohol as part of her job duties in the past.

53. After this conversation, Plaintiff called Defendant's Chief Executive Officer to complain about Defendant's disability, sex, and pregnancy discrimination.

54. However, Defendant refused to take remedial action and, instead, moved forward with its termination of Plaintiff's employment.

55. Defendant terminated Plaintiff's employment on or around February 1, 2025, due to Plaintiff's sex, pregnancy, and disabilities (or perceived disabilities), as well as in retaliation for Plaintiff's protected activity, in violation of Title VII, the ADA, the FCRA, and the PWFA.

## COUNT I - TITLE VII VIOLATION
### (SEX DISCRIMINATION)

56. Plaintiff realleges and readopts the allegations of paragraphs 1 through 11, 14, 20 through 24, 39 through 41, and 45 through 47, and 49 through 55 of this Complaint, as though fully set forth herein.

57. Plaintiff is a member of a protected class under Title VII, based on her sex, including pregnancy.

58. Defendant subjected Plaintiff to disparate treatment on the basis of her sex, including terminating Plaintiff's employment.

59. Plaintiff's sex and pregnancy were a motivating factor in Defendant's decision to terminate Plaintiff's employment.

60. Defendant's actions were willful and done with malice.

61. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

8

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

### COUNT II - TITLE VII RETALIATION

62. Plaintiff realleges and readopts the allegations of paragraphs 1 through 11, 14, 20 through 24, 39 through 41, and 45 through 55 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under Title VII, based on her sex and due to her pregnancy.

64. Plaintiff engaged in protected activity under Title VII by opposing Defendant's sex discrimination against her.

65. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

9

66.   Defendant's actions were willful and done with malice.

67.   In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

68.   Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   An injunction restraining continued violation of Title VII by Defendant;

d)   Compensation for lost wages, benefits, and other remuneration;

e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

f)   Any other compensatory damages, including emotional distress, allowable at law;

g)   Punitive damages;

h)   Prejudgment interest on all monetary recovery obtained;

i)   All costs and attorney's fees incurred in prosecuting these claims; and

j)   For such further relief as this Court deems just and equitable.

## COUNT III - FCRA VIOLATION
### (SEX DISCRIMINATION)

69. Plaintiff realleges and readopts the allegations of paragraphs 1 through 11, 14, 20 through 24, 39 through 41, and 45 through 47, and 49 through 55 of this Complaint, as though fully set forth herein.

70. Plaintiff is a member of a protected class under the FCRA, based on her sex, and due to pregnancy.

71. Defendant subjected Plaintiff to disparate treatment on the basis of her sex, including terminating Plaintiff's employment.

72. Defendant's actions were willful and done with malice.

73. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g)      Prejudgment interest on all monetary recovery obtained;

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT IV - ADA VIOLATION
## (DISABILITY DISCRIMINATION)

74.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 12, 14 through 15, 17 through 42, 44 through 47, and 49 through 55 of this Complaint, as though fully set forth herein.

75.     As a qualified individual with a disability whom Defendant knew or perceived to have a disability, Plaintiff is a member of a protected class under the ADA.

76.     Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability and/or perceived disability, including termination of Plaintiff's employment.

77.     Defendant also failed to reasonably accommodate Plaintiff and instead treated Plaintiff's need for a brief medical leave of absence as if Plaintiff was not committed to her job.

78.     Defendant's actions were willful and done with malice or reckless indifference to Plaintiff's federally protected rights.

79.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

12

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      Compensation for lost wages, benefits, and other remuneration;

d)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

e)      Any other compensatory damages, including emotional distress, allowable at law;

f)      Punitive damages;

g)      Prejudgment interest on all monetary recovery obtained;

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT V - ADA RETALIATION

80.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 12, 14 through 15, and 17 through 55 of this Complaint, as though fully set forth herein.

81.    As a qualified individual with a disability who Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

82.    Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations and opposing Defendant's disability discrimination against her.

83.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

13

84.    Defendant's actions were willful and done with malice.

85.    By terminating Plaintiff's employment, Defendant took materially adverse action against Plaintiff.

86.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Compensation for lost wages, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

e)    Any other compensatory damages, including emotional distress, allowable at law;

f)    Punitive damages;

g)    Prejudgment interest on all monetary recovery obtained;

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT VI - FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

87.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 12, 14 through 15, 17 through 42, 44 through 47, and 49 through 55 of this Complaint, as though fully set forth herein.

14

88.   Plaintiff is a member of a protected class under the FCRA, based on her handicap/disability and/or perceived handicap/disability.

89.   Plaintiff was subjected to disparate treatment on the basis of her handicap/disability and/or perceived handicap/disability, including termination of Plaintiff's employment.

90.   Defendant also failed to reasonably accommodate Plaintiff and instead treated Plaintiff's need for a brief medical leave of absence as if Plaintiff was not committed to her job.

91.   Defendant's actions were willful and done with malice.

92.   Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   Compensation for lost wages, benefits, and other remuneration;

d)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained;

h)   All costs and attorney's fees incurred in prosecuting these claims; and

15

i)      For such further relief as this Court deems just and equitable.

## COUNT VII - FCRA RETALIATION

93.      Plaintiff realleges and readopts the allegations of paragraphs 1 through 12, 14 through 15, and 17 through 55 of this Complaint, as though fully set forth herein.

94.      Plaintiff is a member of a protected class under the FCRA, based on her sex, handicap/disability, or perceived handicap/disability.

95.      Plaintiff engaged in protected activity under the FCRA by requesting accommodations and opposing Defendant's sex, disability, and/or handicap discrimination against her.

96.      Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

97.      Defendant's actions were willful and done with malice.

98.      By terminating Plaintiff's employment, Defendant took materially adverse action against Plaintiff.

99.      Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      Compensation for lost wages, benefits, and other remuneration;

16

d)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

e)      Any other compensatory damages, including emotional distress, allowable at law;

f)      Punitive damages;

g)      Prejudgment interest on all monetary recovery obtained;

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT VIII - PWFA DISCRIMINATION

100.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 16 and 20 through 40, 42, 44 through 47, and 49 through 55 of this Complaint, as though fully set forth herein.

101.   Plaintiff was a pregnant employee with pregnancy-related medical conditions and limitations.

102.   Plaintiff communicated to Defendant that she was pregnant, that she was experiencing serious pregnancy-related medical concerns, and that she needed a brief medical leave of absence.

103.   Plaintiff was entitled to accommodations and protections under the PWFA.

104.   Defendant discriminated against Plaintiff because of her known limitations related to pregnancy, childbirth, or related medical conditions by terminating Plaintiff's employment and refusing to allow her to continue working.

17

105.   Defendant's actions were willful and done with malice.

106.   Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   That this Court enter a judgment stating that Defendant violated the PWFA;

b)   An injunction restraining continued violation of the PWFA by Defendant;

c)   Compensation for lost wages, benefits, and other remuneration;

d)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

e)   Liquidated damages;

f)   Prejudgment interest on all monetary recovery obtained;

g)   All costs and attorneys' fees incurred in prosecuting these claims; and

h)   For such further relief as this Court deems just and equitable.

## COUNT IX - PWFA RETALIATION

107.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 16 and 20 through 55 of this Complaint, as though fully set forth herein.

108.   Plaintiff exercised or attempted to exercise her rights under the PWFA by requesting a brief medical leave of absence and objecting to Defendant's pregnancy-based disparate treatment.

18

109. Defendant retaliated against Plaintiff for exercising or attempting to exercise her rights under the PWFA by terminating Plaintiff's employment.

110. Terminating Plaintiff's employment constitutes an adverse action under the PWFA. 42 U.S.C. § 2000gg-1(5).

111. Defendant's actions were willful and done with malice.

112. Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) That this Court enter a judgment stating that Defendant violated the PWFA;

b) An injunction restraining continued violation of the PWFA by Defendant;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or, in the alternative, front pay;

e) Liquidated damages;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorneys' fees incurred in prosecuting these claims; and

h) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

19

Dated this 3rd day of July, 2026.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**